[No. 2824.  Decided February 23, 1898.]

H. H. TROWBRIDGE, *Respondent*, v. WILLIAM HAMILTON *et al.*, *Defendants*, FRANK QUINBY, *as Assignee*, *Appellant*.

BUILDING AND LOAN ASSOCIATIONS — SALE OF MORTGAGES — BY-LAWS.

Under the provisions of Laws 1889-90, p. 56 (Bal. Code, § 4395 et seq.), relating to building, loan and savings associations and requiring such organizations to deposit with the state auditor, or with a trust company approved by him, all mortgage securities obtained in course of business, such mortgages cannot be sold by any such association to third parties, but are constituted by statute as a trust fund for the benefit of all its stockholders.

Where the rights of stockholders are provided for by statute they cannot be contravened by the enactment of corporate by-laws.

Appeal from Superior Court, Skagit County.—Hon. J. P. HOUSER, Judge.  Reversed.

*E. C. Million*, and *Frank Quinby*, for appellant.

*D. M. Woodbury*, *(James McNaught*, of counsel), for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the respondent to foreclose a mortgage given to secure a certain promissory note executed by the defendants to the Washington National Building, Loan and Investment Association, of Seattle. The note has been assigned to the respondent, and respondent now claims to be the owner and holder thereof by virtue of the assignment.  After the execution of this note and mortgage, but prior to the assignment thereof, the defendant Hamilton made an assignment for the benefit of creditors;  and the appellant is now, and was at all times since the commencement of this action, the duly appointed,

qualified and acting assignee of said insolvent estate. It was alleged affirmatively in the complaint that the notice required by law was duly given by the assignee of the said insolvent estate for creditors to file claims, but that the then legal owner and holder of the note and mortgage sued upon, neglected and failed to file its claim for indebtedness represented by said note and mortgage with said assignee within the time provided by law, and never did file the same with said assignee. This action to foreclose was brought by leave of the court upon petition presented by the respondent. A demurrer was interposed to the complaint on the grounds, First, that there was a defect of parties plaintiff; second, that plaintiff had no legal capacity to sue; third, that the complaint did not state facts sufficient to constitute a cause of action against this defendant. The demurrer was overruled and appellant elected to stand thereon. Judgment was given against him on the pleadings, and from that judgment appellant now appeals.

There are but two questions submitted for the consideration of this court: First, that the plaintiff has no legal capacity to sue, and second, that the complaint does not state facts sufficient to constitute a cause of action against this defendant. On the first proposition it is contended that the complaint shows that the note and mortgage sued upon was given by a stockholder in the building and loan association, organized under the laws of the state of Washington, to the association, and that such a claim under our statute is not only non-negotiable, but also non-assignable. The contention is that, under the provision of chapter 4, of the Laws of 1889-90, p. 56 (Bal. Code, § 4395 *et seq.*), relating to building, loan and savings associations, the mortgages belonging to such company shall be deposited and kept with the state auditor, or with the duly chartered trust company of the state, approved by the state auditor,

in trust for all its members and creditors; and that there are only two methods provided by which these securities can be taken out of the possession of the state auditor, or trust company; namely, as provided in section 7 of said act (Bal. Code, § 4401), upon proof that the same has been paid, or by filing affidavit that the payor is in default, and that the same should be drawn for the purpose of foreclosure by the association. On this proposition we think the appellant's contention must be sustained. Section 6 (Bal. Code, § 4400), provides as follows:

"Every building and loan association heretofore or hereafter incorporated under the laws of this state, and governed by this act, shall deposit and keep with the state auditor, or with a duly chartered trust company of this state, approved by the state auditor, in trust for all its members and creditors, all mortgage or other securities received by it in the usual course of business. When deposited with a trust company, such company shall certify to the state auditor the possession of such securities, and the same shall not be surrendered without the authority or sanction of the state auditor."

This seems to be a mandatory provision of the statute, and the requirement is the deposit of *all* mortgage or other securities in trust for all its members. Now, a trust is certainly established here for the members of the association, and that trust can not be disposed of except in accordance with the provision of the statute, and if no provision is made it is plain that the security can not be sold. The statute makes a further provision in substance, that where the association does not have mortgage or other securities to the amount of $25,000 it shall deposit with the state auditor additional securities, to make, with the securities so owned and deposited, equal in value to said sum of $25,000. These securities are to consist of bonds or treasury notes of the United States or national bank stocks, or bonds of this

state, or any other state of the United States, etc. And the
statute makes provision for the withdrawal, from time to
time, of the security just above described, but makes no pro-
vision for the withdrawal of the mortgage security; but,
as strengthening the idea that the mortgage securities are
all to be deposited and kept with the state auditor, or with
the trust company provided by the statute, it is provided
that, when such securities are withdrawn, mortgage securi-
ties of corresponding value shall be deposited in lieu there-
of. And in the same connection the statute makes it the
duty of the state auditor to examine said association to as-
certain whether all its securities are deposited as required
by this act. Section 7 of the same act provides that all in-
terest, and dividends and premiums which may accrue on
securities held by the state auditor or trust company, and
all dues or monthly payments which may become payable
on stock pledged as security for loans, the mortgages for
which are so deposited, may be collected and retained by
the association depositing such securities or mortgages, so
long as such association remains solvent and faithfully per-
forms all contracts with its members, and when any mort-
gage shall have been fully paid to said corporation, the
same may be surrendered by said state auditor, or under his
order, upon filing with him a certificate of the auditor of
the county where the real estate is situated, to the effect that
the satisfaction of such mortgage has been filed for record;
and provides further, that any mortgage upon which de-
fault has been made may be surrendered as aforesaid, upon
the filing with the state auditor an affidavit sworn to by the
president and secretary of the association owning the same,
stating that such mortgage is in default, and that it is with-
drawn for the purpose of foreclosure. Every provision of
the law seems to bear out the idea that these mortgages are
deposited as a trust fund for the benefit of the members;

that they are under the care, custody and control of the state; that they cannot be withdrawn excepting in the way provided by the statute, and then only for the purpose of foreclosure by the society. It is laid down as a general proposition by Thompson on Building Associations, p. 116, that while mortgages may be assigned as collateral security, it is beyond the power of the association to absolutely sell the mortgage. It is insisted by the respondent that it does not appear from the amended complaint what the by-laws of the association are; while this is true, it does not seem to us that it can make any difference what the by-laws are, as far as the rights of the association are concerned under this statute. The by-laws could not contravene the statute. We think there is sufficient in the complaint to indicate the character of the association, and construing the provision of the statute to be mandatory, as we are compelled to do, we think the court erred in not sustaining the demurrer on the ground just discussed. This conclusion renders unnecessary a discussion of the other points involved. The judgment will be reversed, and the cause remanded with instructions to sustain the demurrer to the complaint.

SCOTT, C. J., and ANDERS, GORDON and REAVIS, JJ., concur.